I,SYLVIA R. COOKS, Judge.
STATEMENT OF THE CASE
This appeal presents an issue of first impression in our circuit: Whether an injured party can recover under an economic only uninsured motorist policy when the tortfeasor’s insurance is sufficient to cover the injured party’s ecomonic loss but insufficient to cover the total damages sustained. Two other circuits have already considered this issue. See Butler v. Allen, 00-1726 (La.App. 1 Cir. 9/28/01), 808 So.2d 746, writ denied, 01-2924 (La.2/1/02), 808 So.2d 331and Dunn v. Terry, 36-064 (La. App. 2 Cir. 6/19/02); 821 So.2d 714, writ denied, 02-1981 (La.10/25/02), 827 So.2d 1156.
*772 STATEMENT OF THE FACTS
On February 24, 1999, Debra M. Hol-zhauer failed to yield the right of way causing an intersectional collision with Kenneth Woods. Mr. Woods sued Ms. Holzhauer, her insurer, Louisiana Farm Bureau Mutual Insurance Company (Louisiana Farm Bureau) and his own insurer, State Farm Mutual Automobile Insurance Company (State Farm) under the uninsured motorist provision. In addition to general damages, which Woods estimated between $8,000 and $15,000, he incurred medical expenses in the amount of $5,691.00 and lost wages in the amount of $9,460.50.
Ms. Holzhauer’s policy with Louisiana Farm Bureau provided bodily injury liability limits of $10,000 per person and $20,000 per accident. Mr. Woods’ uninsured motorist policy with State Farm provided medical payments coverage in the amount of $5,000 and economic-only uninsured motorist coverage in the amount of $10,000 per person and $20,000 per accident.
Mr. Woods settled with Ms. Holzhauer and Louisiana Farm Bureau for its policy limit of $10,000. His own insurer, State Farm, paid Mr. Woods $5,000 under the medical payments coverage of the policy. Mr. Woods filed a Motion for | ?,Summary Judgment alleging State Farm’s economic-only uninsured motorist coverage should be applied to his claim for the balance of medical expenses and the entirety of his lost wages claim of $9,460.50. He argues the $10,000 obtained in settlement from Louisiana Farm Bureau is only sufficient to compensate him for his general damages. State Farm contends under the economic-only uninsured motorist coverage of its policy, it is only obligated to reimburse Mr. Woods for economic loss which exceeds the available bodily injury liability limits of the underlying policy issued by Louisiana Farm Bureau. The trial court ruled in favor of State Farm. For the reasons assigned below, we reverse the judgment of the trial court.
LAW AND ARGUMENT
An uninsured motorist, as defined in La.R.S. 22:1406(D)(2)(b), includes a motorist whose insurance is insufficient to cover the damages suffered by the insured party. This statute provides in relevant part:
For the purposes of this coverage the term uninsured motor vehicle shall ... be deemed to include an insured, motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured’s vehicle at the time of an accident, as agreed to by the parties and their insurer or as determined by final adjudication.
(Emphasis added.)
In 1997, the statute governing uninsured motorist coverage was amended to allow an economic-only uninsured motorist coverage. La.R.S. 22:1406(D)(l)(a)(i) provides in relevant part:
Insurers may also make available, at a reduced premium, the coverage provided under this Subsection with an exclusion for all noneconomic loss. This coverage shall be known as “economic-only” uninsured motorist coverage. Noneconomic loss means any loss other than economic loss and includes but is not limited to pain, suffering, inconvenience, mental anguish, and other noneconomic damages otherwise recoverable under the laws of this state.
(Emphasis added.)
I/The legislative policy underlying this additional choice to the uninsured motorist coverage was discussed in Butler v. Allen, 2000-1726 (La.App. 1 Cir. 9/28/01); 808 *773 So.2d 746, writ denied, 01-2924 (La.2/1/02); 808 So.2d 331, as follows:
The declared legislative intent of 1997 Acts, No. 1476, known as the “Omnibus Premium Reduction Act of 1997,” was to achieve a significant reduction in the premium rates for motor vehicle insurance. The legislature intended a direct cost savings to citizens of Louisiana. The obvious reason for the lower cost of EO UM coverage is that fewer damages are covered by that type of insurance than the non-economic losses, e.g., pain and suffering, recoverable under the standard UM coverage for bodily injury. Thus, the EO UM coverage provision is meant to provide insurance coverage at a reduced rate to protect persons from suffering economic hardship in the event the tortfeasor is uninsured or underin-sured.
Id. at 749.
Under an economic only uninsured motorist policy an insured may not recover for “pain, suffering, inconvenience, mental anguish, and other noneconomic damages.” By reducing the potential risk to economic loss only, insurance companies were able to lower the cost of premiums and thereby make policies more affordable. In exchange for a lower premium, the insured assumes the risk he may not be fully compensated for his injury if the general damages exceed the limits of the tortfeasor’s underlying policy. State Farm takes the position, however, Mr.Woods is not entitled to recover for lost wages under his economic loss only uninsured motorist policy if Ms. Holzhauer’s policy is sufficient to cover his claim for economic loss regardless of whether the total damages suffered exceeds the Louisiana Farm Bureau policy. State Farm argues Mr. Woods’ lost wages of $9,460.50 was fully compensated from the proceeds of the settlement with Louisiana Farm Bureau and State Farm seeks to obtain a credit against the proceeds of the settlement with Louisiana Farm Bureau. State Farm argues it is only liable if Mr. Woods’ lost wages exceeded the Louisiana Farm Bureau limit of $10,000. A similar argument was rejected in Dunn v. Terry, 36-064 (La.App. 2 Cir. 6/19/02); 821 So.2d 714.
In Dunn, John Terry lost control of his vehicle and crashed into a tree injuring his passenger, Catherine Dunn. Ms. Dunn and her parents sued Mr. Terry and his parents. The Dunns also sued State Farm as their uninsured motorist carrier. The Dunns had three policies with State Farm. One was an uninsured motorist policy with a $10,000 per person coverage and medical payment coverage of $1,000. The other two policies were economic-only uninsured motorist policies. Each policy provided economic-only coverage in the amount of $50,000 per person and medical expenses in the amount of $5,000. The Dunns settled with Mr. Terry’s insurer for the policy limits of $25,000 and State Farm paid $10,000 and $1,000 under the uninsured motorist policy and $3,652.15 under one of the economic-only uninsured motorist policies. The parties agreed the Dunns total economic loss was $39,652.15.
State Farm argued its payment of $14,652.15 together with the $25,000 settlement with the tortfeasor’s insurer, fully compensated the Dunns. In other words, State Farm sought to apply the entire $25,000 settlement as a credit against the total economic loss of $39,652.15 suffered by Ms. Dunn. The appellate court rejected this approach, stating:
When an insurer elects to sell economic-only UM insurance, the insurer agrees to bear the risk of economic loss to its insured. Allowing the insurer to avoid a portion of this risk by automatically allocating the entirety of a settlement between the insured and a tort-feasor as a *774 economic loss would be contrary to the policies embodied in La.R.S. 22:1406 and would allow the insurer to collect a premium for covering a risk that the insurer could then avoid when the risk was realized.
Id. at 721.
In Dunn, the general damages suffered by Ms. Dunn were not specified. The appellate court remanded for a determination by the trial court of the total damages suffered by the injured party, specifying that portion constituting general damages and that portion constituting economic loss. This determination, the appellate court held, must be made by the finder of fact or by agreement between all the parties. The Dunn court further instructed “the ratio of these economic damages to the whole damage award must be decided [and] ... then be applied to the amount paid by the tort-feasor to figure how much of the economic damages have been satisfied.” Dunn v. Terry at p. 721. The rationale for this approach, the court explained, is supported by the legislative purpose. It noted:
The legislature’s goal of promoting full recovery by innocent victims would be subverted if the economic-only uninsured motorist insurer were to receive credit for all amounts paid for economic and noneconomic damages for bodily injuries. Likewise, the legislative aim to reduce insurance rates would be supplanted if this insurer received no credit for the portion of the amount paid that was attributable to economic damages for bodily injury. To strike a balance between these concerns, the economic-only uninsured motorist insurer should get credit for the economic damages paid for bodily injury.
Id. at 721.
Butler v. Allen, 2000-1726 (La.App. 1 Cir. 9/28/01); 808 So.2d 746, writ denied, 01-2924 (La.2/1/02); 808 So.2d 331, presented a slightly different situation. In that case, the general damages suffered by the plaintiff exceeded the underlying policy limits and the settlement with the tortfea-sor clearly covered only her bodily injuries.
Plaintiff, Edith Butler, was riding as a guest passenger in a vehicle driven by Charles Powell and was injured in a rear-end collision caused by the defendant, Jacquelyn D. Allen. As a result of the accident, Ms. Butler sustained medical expenses of $4,658.76 in addition to general damages. Plaintiff sued Ms. Allen and her insurer, USAgencies. She also sued USA-gencies in its capacity as the uninsured motorist carrier for Charles Powell. Before trial, plaintiff settled with USAgencies as insurer for Ms. Allen for the policy limits of $10,000. Although the amount of general damages was not specified, the trial court found Ms. Butler had “extensive injuries”, including bulging disks, and the $10,000 she received in settlement was | (¡insufficient to cover her general damages. USAgencies, in its capacity as insurer of Mr. Powell, refused to pay her medical expenses under the economiconly uninsured motorist policy arguing her economic loss of $4,658.76 did not exceed the underlying policy limits and therefore the economic-only uninsured motorist coverage did not apply. The trial court rejected USAgencies argument and the appellate court affirmed, stating:
The USAgencies liability policy clearly provided coverage that was “less than the amount of damages suffered” by plaintiff. Plaintiff should thus be allowed to recover her medical expenses, which are economic losses expressly included in the definition of economic losses on USAgencies’ own form. Had Powell had standard UM coverage, plaintiff would have been able to recover addi *775 tional damages for pain and suffering. But because Powell paid reduced premiums, USAgencies is spared that expense.
The legislative goals are met by this interpretation of Revised Statute 22:1406: Powell enjoyed the benefits of a lower premium; USAgencies will pay less to an insured than it would have had Powell had standard UM policy; and plaintiff, the innocent victim, will be covered by insurance, though the coverage is reduced in scope. We thus find the trial court’s interpretation of the statute to be legally correct.
Id. at p. 750.
In the present case, the general damages are estimated between $3,000 and $15,000. Additionally, Mr. Woods incurred medical expenses in the amount of $5,691.00 and lost wages in the amount of $9,460.50. In the aggregate, damages suffered by Mr. Woods range from approximately $18,000 to $30,000. Since the amount of coverage available under the Louisiana Farm Bureau policy is “less than the amount of damages suffered by an insured,” the State Farm policy would apply. However, we are unable to tell what portion, if any, of the $10,000 settlement with Louisiana Farm Bureau is attributable to economic loss and what portion is attributable to bodily injury. We remand for this determination.
DECREE
We find an injured party can recover under an economic-only uninsured 17motorist policy when the tortfeasor’s underlying insurance is sufficient to cover the injured party’s economic loss but insufficient to cover the total damages sustained. However, State Farm is entitled to a credit on that portion, if any, of the settlement with Louisiana Farm Bureau which represents economic loss.
REVERSED AND REMANDED.